CHIEF JUSTICE TURNAGE,
dissenting:
I respectfully dissent.
This Court’s interpretation of § 46-18-801, MCA, and its application to the District Court’s judgment of the felony conviction of Robert Allen Brooks, Lake County Cause No. DC-88-72, dated January 6, 1989, is wrong.
The District Court did impose a condition of probation that Brooks could not possess a firearm. The District Court judgment in relevant part stated:
1. That the Defendant be placed under the jurisdiction of the Adult Probation and Parole Division of the State of Montana Department of Institutions and that he comply with all of the terms and conditions established by said Division.
10. That the Defendant shall report to the Probation Department immediately after the release from the Court for the purpose of signing rules and conditions of probation, and to set up a reporting schedule with a Probation Officer. [Emphasis added.]
Brooks on January 12, 1989, in the presence of his probation and parole officer, signed a document entitled, “Conditions of Probation and Parole,” which in relevant part provided:
8. WEAPONS'. You shall not own, possess or be in control of any firearm or deadly weapon as defined by state statute. The Federal Gun Control Act of 1968, prohibits any person who is Tinder indictment or has been convicted of a felony to possess or carry a firearm while engaged in any act of sporting activity such as hunting.
*143 AGREEMENT BY PROBATIONER/PAROLEE
... I understand that this Probation/Parole is granted to and accepted by me, subject to the conditions, limitations, restrictions stated herein, and with the knowledge that the Board of Pardons, Sentencing Court, or the Department of Institutions have the power, at anytime, in case ofviolation of the conditions, limitations and restrictions of Probation or Parole to cause my detention and/or return to prison. I have read, or have had read to me, the foregoing conditions of my probation I parole. I fully understand them and I agree to abide by and strictly follow them, and fully understand the penalties involved should I in any manner violate the foregoing conditions, limitations and restrictions. [Emphasis added.]
The majority of this Court correctly states that this Court’s function in construing and applying statutes is to effect legislative intent but from that point they go astray.
The legislature will be amazed at what we conclude to be its intent in this case. By what I submit to be a hypertechnical interpretation of § 46-18-801, MCA, arrived at without fully discussing or considering the relevant parts of the District Court judgment and the agreement by probationer/parolee Brooks and with no case law citation from any other jurisdiction that provides persuasive precedent, the majority has reached a wrong conclusion.
The Supreme Court of Arizona reached a logical and persuasive conclusion in a probation case by allowing incorporation by reference of conditions of probation. State of Arizona v. Stotts (Ariz. 1985), 695 P.2d 1110. Appellant Stotts was convicted of felony aggravated assault. In his sentencing order, the trial judge set out three conditions for probation:
“(1) That he be returned through the Washington State Parole hold to enter Washington Correctional Center;
“(2) That he be accepted at the Western State Hospital for evaluation and inpatient treatment, and
“(3) That he follow all the conditions required by the [Arizona] Probation Department.”
Stotts, 695 P.2d at 1116. The Arizona Supreme Court went on to conclude that Stotts was bound by conditions of probation which were imposed on him after sentencing, stating:
*144 Appellant received no written copy of any conditions of probation at the time of his sentence. In November of 1978, however, the State of Washington applied for an Interstate Compact with Arizona. In this application for Interstate Compact that he signed, appellant agreed to make his home at Western State and to return to Arizona when duly instructed by proper authorities. Appellant also agreed to comply with the conditions of probation as fixed by both Arizona and Washington. Subsequently, in April of 1979, appellant signed and apparently received a copy of an Interstate Compact with Conditions of Probation. He signed and apparently received more conditions in July of 1981. His probation was revoked because of a violation of one of these subsequent written conditions.
Though we emphasize that all probationers should receive written conditions at the time probation is imposed, we do not find the failure to do so in this case invalidated the probation revocation. A combination of four factors justifies this conclusion: first, though appellant’s original “unwritten probation” was, upon imposition, unenforceable by revocation, it was valid; second, the subsequent furnishing with appellant of written conditions and his signing of those conditions cured the probation’s unenforceability; third, the subsequent written conditions were not more burdensome than the unwritten conditions; and, fourth, there were no due process violations in basing revocation upon the subsequent written conditions.
Stotts, 695 P.2d at 1116.
Clearly, in the present case, the District Court’s judgment properly incorporated by reference paragraph 8 of the Conditions of Probation and Parole, a condition lawfully adopted under the Montana Administrative Procedures Act.
The majority’s unduly restrictive interpretation and application of § 46-18-801, MCA, renders it in direct opposition to other code sections relating to probation and parole. The legislature has specifically granted the Department of Corrections and Human Services the authority to adopt rules which govern parolees, probationers, and inmates on supervised release. Section 46-23-218, MCA, states:
Authority of board to adopt rules. The board may adopt any other rules it considers proper or necessary with respect to the eligibility of prisoners for parole, the conduct of parole hearings, and conditions to be imposed upon parolees. [Emphasis added.]
*145 Inmates on supervised release are likewise subject to conditions which are not set out verbatim by the sentencing judge. See § 46-23-405, MCA (authorizing the Department of Corrections and Human Services to establish rules governing inmates on supervised release programs). Like conditions of probation, conditions placed on parolees and individuals on supervised release programs are ultimately the result of that individual’s criminal conviction.
Under the majority’s interpretation of § 46-18-801, MCA, such conditions cannot be delegated to the Department of Corrections and Human Services, but rather must be set by the sentencing judge. Such an interpretation defeats the purpose of those statutes which authorize the Department of Corrections and Human Services to set conditions.
The majority correctly points out that we must construe statutes to effect the legislature’s intent. In light of the fact that the legislature empowered the Department of Corrections and Human Services to establish reasonable conditions of parole, probation, and supervised release, the legislature certainly did not intend § 46-18-801, MCA, to nullify this power.
By incorporating by reference the conditions of probation, the sentencing judge properly restricted Brooks’s right to possess a firearm. Such an interpretation is consistent with § 46-18-801, MCA, and does not frustrate those statutory provisions which empower the Department of Corrections and Human Services to set reasonable conditions of probation, parole and supervised release.
The majority holding that the district courts of Montana are prohibited from incorporating by reference reasonable and rational probation and parole rules lawfully adopted to the Montana Administrative Procedures Act, when those conditions are agreed to and signed by the probationer/parolee, will work irreparable harm to the management of an overburdened probation system. Judicial proceedings will follow this opinion challenging what most certainly are many district court judgments of felony convictions and provisions relating to parolees.
I would answer the certified question by stating that Brooks was lawfully denied the right to possess a firearm during the period of his probation for a felony conviction.
JUSTICE WEBER joins in the dissent of Chief Justice Tumage.